Jeffrey Dean, Esq., #6-3796
Bachus & Schanker, LLC
1400 16th Street, Suite 450
Denver, Colorado 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
Email Address: jdean@coloradolaw.net

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 08 2010

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

JAMES HEFFLIN and                        )
PATTI HEFFLIN                            )
                                         )
            Plaintiff,                    )
                                         )
vs.                                      )          Doc. ___, No. ___  10CV0066 - D
                                         )
MIKE VICK, CAROLE ALLEN,                 )
BEN STEELE,                              )
JG ELLIOTT COMPANY WYOMING,              )
SAFECO INSURANCE COMPANY OF              )
AMERICA, n.k.a.                          )
Liberty Mutual Group, a Massachusetts    )
insurance company,                       )
AMERICAN STATES INSURANCE COMPANY)
an Indiana insurance company, BRAG OF    )
WYOMING, LLC, a Wyoming Company,         )
BROOKS REALTY & ADVISORY GROUP,          )
an Arizona Corporation, and WILD WEST    )
DEVELOPMENT COMPANY, INC., a             )
Wyoming Corporation.                     )
                                         )
            Defendants.                   )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW the Plaintiffs, James Hefflin and Patti Hefflin, by and through their
undersigned counsel, Bachus & Schanker, L.L.C., and as their Complaint against
Defendants Mike Vick, Carole Allen, Ben Steele, JG Elliott Company Wyoming, SafeCo
Insurance Company of America, American States Insurance Company, Brag of Wyoming,
LLC, Brooks Realty & Advisory Group, and Wild West Development Company, Inc., state
and allege as follows:

## I. **JURISDICTION AND VENUE**

1.      This case arises under 28 U.S.C. § 1332, which gives the United States District Courts jurisdiction over any civil action where there is diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

2.      Venue is proper in the Federal District of Wyoming under 28 U.S.C. § 1391.   Defendants' acts or omissions complained of herein occurred in Wyoming. Defendants were duly authorized to do business in Wyoming.   The harm and injury to the Plaintiffs occurred in Wyoming.

## II. **PARTIES**

3.      At all times material hereto, Plaintiffs were residents of the State of Wyoming, with a residential address of 254 Remington Ranch Road, Carpenter, Wyoming 82054.  Plaintiffs remain displaced from said residence and have resided at two (2) temporary residences in Wyoming, and are now residing at 8062 N. Saguaro Ridge Road, Parker, Colorado 80138.

4.      Upon information and belief, at all times relevant to this action, Defendant Ben Steele was an employee, agent or apparent agent of Defendant Colorado Casualty Insurance Company (a.k.a. SafeCo Insurance Company of America, a.k.a. American States Insurance Company), and acted within the course and scope of that employment.

5.      Upon information and belief, at all times relevant to this action, Defendant SafeCo Insurance Company of America (a.k.a. American States Insurance Company) was the business name under which Defendant Ben Steele transacted business as an "SBI Commercial Property Analyst I"  from the business address of P.O. Box 515097, Los Angeles, California 90051-5097.

2

6.      Upon information and belief, at all times relevant to this action, Defendant Mike Vick was an employee, agent or apparent agent of Defendant JG Elliott Company Wyoming, who sold insurance on behalf of Defendant SafeCo Insurance (a.k.a. American States Insurance Company), and acted within the course and scope of that employment.

7.      Upon information and belief, at all times relevant to this action, Defendant Carole Allen was an employee, agent or apparent agent of Defendant JG Elliott Company Wyoming, who sold insurance on behalf of Defendant SafeCo Insurance (a.k.a. American States Insurance Company), and acted within the course and scope of that employment.

8.      Upon information and belief, at all times relevant to this action, Defendant JG Elliott Company Wyoming was the business name under which Defendants Mike Vick and Carole Allen transacted the business as insurance agents, from the business address of P.O. Box 100, Torrington, Wyoming 82240.

9.      Upon information and belief, at all times relevant hereto, Defendant SafeCo Insurance Company of America ("SafeCo") is a stock company, organized and existing under the laws of the State of Washington and having its principle place of business in Washington; such that for all purposes hereunder SafeCo is a citizen of Washington; upon information and belief, SafeCo is a member of Liberty Mutual Group.

10.     Upon information and belief, at all times relevant hereto, SafeCo is authorized to transact insurance business within the State of Wyoming under NAIC number 24740.

11.     Upon information and belief, at all times relevant hereto, Defendant Liberty Mutual Group is a stock company, organized and existing under the laws of the State of Massachusetts and having a principle place of business in Massachusetts; upon information and belief, Liberty Mutual Group is the parent company of SafeCo.

12.     Upon information and belief, at all times relevant hereto, Liberty Mutual Group is authorized to transact insurance business within the State of Wyoming under NAIC number 23043.

13.     Upon information and belief, at all times relevant hereto, Defendant American States Insurance Company ("American States") is a stock company, organized and existing under the laws of the State of Indiana and having a principle place of business in Indiana; upon information and belief, American States is an underwriting company for SafeCo.

14.     Upon information and belief, at all times relevant hereto, American States is authorized to transact insurance business within the State of Wyoming under NAIC number 19704.

15.     All acts or omissions asserted against Defendant SafeCo (a.k.a. Liberty Mutual) and Defendant American States (hereinafter referred to as "Insurers") are meant to include the acts or omissions of their employees, agents and/or representatives acting in the course and scope of their employment or agency including, but not limited to, Defendant Ben Steele.

16.     All acts or omissions asserted against Defendant JG Elliott Company Wyoming, Defendant SafeCo (a.k.a. Liberty Mutual) and/or Defendant American States (hereinafter referred to as "Insurers") are meant to include the acts or omissions of their employees, agents and/or representatives acting in the course and scope of their employment or agency including, but not limited to, Defendants Mike Vick and Carole Allen.

17.     Upon information and belief, at all times relevant hereto, Defendant Brag of Wyoming, LLC ("Brag") is a limited liability company, organized and existing under the laws of the State of Wyoming and having a principle place of business in Arizona; Defendant Brag has established a Registered Agent in Wyoming to receive service of process: Steve Amick, 3200 Ormsby Rd., Casper, Wyoming 82601.

18.     Upon information and belief, at all times relevant hereto, Defendant Brooks Realty & Advisory Group, Inc. ("Brooks Realty") is a stock corporation, organized and existing under the laws of the State of Arizona and having a principle place of business in Arizona; Defendant Brooks Realty has established a Registered Agent in Arizona to receive service of process: Michael P. Sawhill, 7373 E. Doubletree Ranch, Suite 230, Scottsdale, Arizona 85258.

19.     Upon information and belief, at all times relevant hereto, Defendant Wild West Development Company, Inc. ("Wild West Development") is a stock corporation, organized and existing under the laws of the State of Wyoming and having a principle place of business in Arizona; Defendant Brag has established a Registered Agent in Wyoming to receive service of process: CT Corporation System, 1720 Carey Ave., Suite 200, Cheyenne, Wyoming 82001.

20.     Upon information and belief, at all times relevant hereto, Defendant Benjamin F. Brooks III, is a citizen and resident of Maricopa County, Arizona, and was employed by Brooks Realty & Advisory Group Inc., Wild West Development as President, and BRAG of Wyoming LLC as Manager.

21.     Upon information and belief, at all times relevant hereto, Defendant Russell Bandemer, is a citizen and resident of Lincoln County, New Mexico, and was formerly employed as a Broker for Brooks Realty & Advisory Group Inc. Defendant Bandemer was a State of Wyoming Licensed Broker at the time Plaintiffs purchased the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

22.     Upon information and belief, at all times relevant hereto, Defendant Don Johnson, is a citizen and resident of Albany County, Wyoming, and was employed as a State of Wyoming Licensed Real Estate Agent by Brooks Realty & Advisory Group Inc. Defendant Johnson acted as the Intermediary for Plaintiffs and Defendant Brooks Realty & Advisory Group Inc. during the sale of the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

5

## III. **GENERAL ALLEGATIONS**

23.     Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 22 of this Complaint as if set forth *verbatim*.

24.     On or about June 9, 2005, Defendant Wild West Development purchased approximately 4,000 acres of land (which is now called Remington Ranch and includes the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054 later purchased by Plaintiffs) from Ronald A. Thiel.  The house was being rented at the time of this purchase by Sandra Kafka.

25.     According to the Laramie County Assessor's Office, the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, was built in 1916 and has no recorded improvements to the infrastructure of the dwelling and no recorded improvements to the electrical systems.

26.     On or about June and July of 2005, renter Sandra Kafka, while residing at the aforementioned house, informed the Defendants, Benjamin Brooks III, Russell Bandemer, and Don Johnson on more than one occasion that the electrical wiring in the house was bad and needed replacing.  Ms. Kafka informed said Defendants that she personally experienced problems with the electrical wiring and needed it to be repaired.  Ms. Kafka also observed said Defendants inspect the house and conduct an inventory of the premises.

27.     Ms. Kafka had knowledge that the electrical wiring in said house was worked on by the previous owner, Mr. Thiel, who was not a licensed electrician.

28.     Insurers, through their agent, Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, issued to Plaintiffs, Commercial Insurance Policy, policy number 01-FF-160292-01, with effective dates from May 9, 2006 to May 9, 2007.

29.     Insurers, through their agent, Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, issued a renewal policy to Plaintiffs, policy number 01-FF-160292-02, with effective dates from May 9, 2007 to May 9, 2008.

30.     Insurers, through their agent, Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, issued a renewal policy to Plaintiffs, policy number 01-FF-160292-03, with effective dates from May 9, 2008 to May 9, 2009.

31.     At the time Plaintiffs sought to purchase homeowner's insurance through Insurers agent, JG Elliott Company Wyoming, it was made clear to Defendant Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, that Plaintiffs wanted to purchase insurance covering the full replacement cost of their home, meaning that Plaintiffs sought to purchase enough insurance necessary to rebuild the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, if it were completely destroyed by fire.

32.     In or around October 2005, an Agent of Defendant SafeCo, with the initials "C.A." (who Plaintiffs believe to be Defendant Carole Allen and/or another agent of JG Elliott Company Wyoming), came to the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, to inspect the home prior to Plaintiffs' purchase of the home in order to insure the home to its full replacement value.

33.     Plaintiffs relied upon Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming's expertise regarding obtaining an appropriate homeowner's insurance policy insuring their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, for its full replacement value.

34.     Insureds, like Plaintiffs, have a right to rely upon the representations of Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming and Defendant Insurers that they have been adequately insured to the full replacement value of their home, as requested.

7

35. On February 17, 2006, Plaintiff James Hefflin emailed via the Brooks Realty & Advisory Group website to inquire about the properties available in Wyoming.

36. On the same date (February 17, 2006), Plaintiff James Hefflin received a response from Annie Baker whom he believed to be a Real Estate Agent, informing Plaintiff that she would send out some information on the Wyoming properties.

37. During the time from February 18, 2006, through March 3, 2006, Plaintiff James Hefflin corresponded via email and phone with Annie Baker concerning the particulars of the properties available and arranged a tour of the available Wyoming properties.

38. On March 5, 2006, Plaintiff James Hefflin met with Defendant Don Johnson, who took Plaintiff on a tour of the properties in the Cheyenne, Wyoming area. Upon Defendant Johnson's tour of the Remington Ranch property (a.k.a. the "Homestead"), Plaintiff James Hefflin became interested in the property.

39. On March 8, 2006, Plaintiff James Hefflin inquired via email to Defendant Don Johnson about the insurance coverage on the property so Plaintiff James Hefflin could determine if the property was eligible to be insured. Defendant Johnson replied "I am still gathering info on the insurance issue. Russ told me that the ranch house and out buildings are insured, and have been since day one."

40. On or about March 15, 2006, Plaintiff James Hefflin met with Defendants Russell Bandemer and Don Johnson at the Brooks Realty & Advisory Group office located in Cheyenne, Wyoming. During said meeting Plaintiff James Hefflin again inquired about the status of obtaining insurance for the property. Defendant Bandemer assured Plaintiff James Hefflin that it would be no problem getting the property insured and that he was arranging for Plaintiffs to assume the current coverage that he had in place. Defendant Bandemer informed Plaintiff James Hefflin the current insurance coverage on the property was through Defendant Mike Vick, who managed the SafeCo policies for Brooks Realty & Advisory Group for all of their Wyoming properties.

8

41.     On March 17, 2006, Plaintiff James Hefflin arranged for a home inspection of the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, through AMERISPEC of Cheyenne, Wyoming.  Mr. Tom Scranton was the assigned Inspector from AMERISPEC.  Plaintiff James Hefflin met with Inspector Scranton and Defendant Johnson at the property for the inspection. Mr. Scranton inspected the property but was not able to complete his inspection because he was not able to gain access to the attic area.  Mr. Scranton issued his report thereafter.

42.     On or about March 31, 2006, Plaintiff James Hefflin received a letter dated March 31, 2006, from Defendant Johnson addressing Plaintiff James Hefflin's recent offer on the property and which stated in part that the seller "understands the homestead is in need of some major work."

43.     On April 12, 2006, Plaintiffs purchased the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054 (a.k.a. "The Homestead," "The Remington Ranch" and "Tract 17") from First American Title Insurance Company (acting as Trustee of the Remington Ranch Purchase Trust dated June 9, 2005, Trust No. 8600).

44.     On April 21, 2006, Plaintiffs purchased the adjacent vacant Parcel #32.

45.     On October 25, 2007, Plaintiffs entered into a new Agreement for Sale purchasing both Parcels #17 and 32 (a.k.a. "The Remington Ranch").

46.     Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming did not conduct any due diligence to confirm that a real estate appraisal of the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, provided by Defendant Wild West Development, in any way accurately assessed the cost of replacing the structures on the site.

47.     The SafeCo Policy, Number 01-FF-160292-03, issued by Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, insuring Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054,

contained Dwelling coverage up to $85,000.00, not including personal property losses or loss of use in the event that the home is uninhabitable.

48.    At the time Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming sold Plaintiffs their original homeowner's policy, under policy number 01-FF-160292-01, and the policies' subsequent renewals, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming represented to Plaintiffs that they were receiving a homeowner's policy that insured their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, to full its replacement value.

49.    On or about April 7, 2009, electrical wires in the attic started a fire that completely destroyed Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

50.    As a result of the April 7, 2009, fire, Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, was uninhabitable, and Plaintiffs have not been able to live in their home since the date of the fire.

51.    On or about April 7, 2009, Plaintiff James Hefflin contacted their agent, Defendant Carole Allen, to inform her of the fire at their home.

52.    At the request of Ben Steele, an employee, agent or apparent agent of Defendant Insurers, Plaintiffs began itemizing their personal property contents destroyed in the April 7, 2009, fire.

53.    On or about April 15, 2009, Defendant Ben Steele sent correspondence to Plaintiffs enclosing a "Commercial Building Valuation Report" prepared for SafeCo Insurance that determined the total replacement cost for Plaintiffs' home to be $121,094.00. In this correspondence Defendant Ben Steele explained that "[i]n order for your dwelling to be insured to value, your max limit of coverage for this dwelling would

10

have had to be at least $96,875.20." Thus, Defendant Insurers have clearly represented to Plaintiffs that their dwelling was not insured to its full replacement value.

54.    With respect to the loss of their dwelling from the April 7, 2009, fire, as of the date of this Complaint, Defendant Insurers have issued (approximate) payment to Plaintiffs as follows:

| Coverage A) | Dwelling: | $32,417.63 |
|---|---|---|
| Coverage B) | Personal Property: | $10,000.00 |
| Coverage C) | Loss of Use: | $17,000.00 |
| | TOTAL: | $59,417.63 |

55.    After the fire on April 7, 2009, estimates were secured to determine the cost of rebuilding Plaintiffs' home.

56.    On or about April 16, 2009, the Laramie County Planning and Development Office confirmed that Plaintiffs' home, located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, could be considered a danger to persons and property and would qualify for an order to vacate or condemnation. It further explained that fixing the home to the current codes will require raising the entire house, replacing the foundation, and removing almost all wall coverings and rewiring.

57.    On or about April 16, 2009, Plaintiffs received a letter from Ben Steele on behalf of Insurers, explaining that the maximum limit of coverage under Plaintiffs' policy for their dwelling was $85,000.00; however, the replacement cost value of the dwelling was determined to be $121,094.00. The letter further explained that in order for Plaintiffs' dwelling to be insured to full value, the maximum coverage on the policy needed to be at least $96,875.20. Clearly under Defendant's own calculations, Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, was underinsured and clearly not insured for its full replacement value as Plaintiffs requested.

11

58. On or about July 8, 2009, Plaintiff James Hefflin sent Defendant SafeCo an estimate performed by Brandt Miller of Miller Industrial that articulated the total cost to demolish the house, lay a new foundation, and building the structure anew in order to repair the damage in compliance with the current Laramie County building codes would be $197,416.00. Plaintiff James Hefflin additionally informed Defendant SafeCo that the insurance agent acting on behalf of Defendant Insurers who sold him the coverage underinsured Plaintiffs and requested that their coverage be adjusted accordingly to adequately cover the current loss.

59. On or about July 9, 2009, Plaintiff James Hefflin emailed Defendant SafeCo to memorialize their phone conversation of July 9, 2009. Therein, Plaintiff James Hefflin confirmed his position that he (and his wife) were underinsured by Defendant Insurers, making the $85,000.00 limit inaccurate. Plaintiff James Hefflin additionally stated that he disagreed with Defendant Insurers position that the house is not a total loss at this time. Finally, Plaintiff James Hefflin informed Defendants that Mr. Miller reported it would be impossible to provide estimates that "remove the alleged duplicated work in the two estimates" because this would require building good onto bad, in violation of safety, building codes, and the industry standards.

60. SafeCo Insurance Company Policy Number 01-FF-160292-03 issued by Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, did not insure Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, for its full replacement value.

61. Despite Defendants representations to Plaintiffs regarding the adequacy of the insurance on their home, Defendant Insurers have refused to pay Plaintiffs the full replacement cost of their home located at located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

62. At the time Plaintiffs entered into the contract with Defendant Insurers for their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, Defendants knew or should have known that the policy coverage limits would have been

12

substantially greater had Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, properly performed their obligations as Plaintiffs' insurance agent(s).

63. Defendant Insurers have violated their own contract of insurance by paying only a portion of the loss owed to Plaintiffs under SafeCo Insurance Company Policy Number 01-FF-160292-03.

64. All conditions precedent under the SafeCo Insurance Company Policy Number 01-FF-160292-03, for performance of the contract by SafeCo Insurance Company, were performed by Plaintiffs or have occurred.

65. Plaintiffs have cooperated fully with the Defendants in the investigation of their claim.

## FIRST CLAIM FOR RELIEF

### Breach of Insurance Contract by Unreasonable Refusal to Pay Policy Benefits - Against Defendant SafeCo (a.k.a. Liberty Mutual) and American States Insurance

66. Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 65 of this Complaint as if set forth *verbatim.*

67. On the date and time of the April 7, 2009 fire, Plaintiffs were the named insureds under the SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03.

68. On the date and time of April 7, 2009, SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03 was in full force and effect.

69. The pertinent facts concerning the April 7, 2009, fire were timely reported to Defendants SafeCo Insurance/American States Insurance, pursuant to the conditions

set forth in SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03.

70.    Timely demand was made by Plaintiffs for payment of the coverages available under the SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03.

71.    Defendants SafeCo Insurance/American States Insurance Company failed and refused to make payment to Plaintiffs in accordance with the terms of SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03.

72.    Defendants SafeCo Insurance/American States Insurance Company failed and refused to make payment to Plaintiffs in accordance with the express representations of its employees, agents or apparent agents, Defendants Mike Vick, Carole Allen, Ben Steele, and/or JG Elliott Company Wyoming, represented that under SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03, Plaintiffs had full replacement coverage in the event their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, was destroyed in a fire.

73.    Defendants SafeCo Insurance/American States Insurance Company, by failing to pay benefits owed, under SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03, to Plaintiffs, breached its contractual duty.

74.    Defendant SafeCo Insurance/American States Insurance Company's failure to pay benefits under Insurance Policy Number 01-FF-160292-03 to Plaintiffs was unreasonable and without cause.

75.    Under the provisions of WYO. STAT. ANN. § 26-15-124, as a result of the unreasonable denial of Plaintiffs' loss covered by Policy Number 01-FF-160292-03, Defendants SafeCo Insurance/American States Insurance Company are obligated to pay Plaintiffs a reasonable sum as an attorney's fee incurred in prosecuting this proceeding on the property damaged by fire claim.

76. Under the provisions of Wyo. STAT. ANN. § 26-15-124, as a result of the unreasonable denial of Plaintiffs' loss covered by Policy Number 01-FF-160292-03, Defendants SafeCo Insurance/American States Insurance Company are obligated to pay Plaintiffs interest at the rate of ten percent (10%) on the amount of the loss from the date thereof.

77. As a direct and proximate result of the breach by Defendants SafeCo Insurance/American States Insurance Company, Plaintiffs have suffered economic and non-economic damages and losses.

## SECOND CLAIM FOR RELIEF

### Bad Faith, Breach of the Covenant of Good Faith and Fair Dealing – Against all Defendant Insurers, Insurance Agents, and Insurance Adjusters

78. Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 77 of this Complaint as if set forth *verbatim*.

79. By virtue of the SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03 between Plaintiffs and Defendant Insurers, Plaintiffs had a special relationship of trust and confidence with Defendant Insurers by virtue of the unequal bargaining power Defendant Insurers have over Plaintiffs (their Insureds), thus Plaintiffs were reasonably entitled to rely on Defendant Insurers' good faith and fair dealing in protecting their interests.

80. By virtue of the SafeCo Insurance/American States Insurance Policy Number 01-FF-160292-03 and the covenant of good faith and fair dealing implicit therein, Defendant Insurers had a duty of utmost good faith in their relationship with Plaintiffs in insuring their dwelling to "full replacement cost" as requested by the Plaintiffs and in paying the benefits due under the policy upon Plaintiffs' filing of the claim for "full replacement cost" of their dwelling.

15

81.     In the Defendant Insurers investigation, handling, and denial of the Plaintiffs' claim, Defendant Insurers breached their duties to Plaintiffs and breached their covenant of good faith and fair dealing with the Plaintiffs.

82.     Defendants denial of Plaintiffs claim for "full replacement cost" of their dwelling is not fairly debatable.  Defendants have failed to properly investigate and develop the claim or have chosen to recklessly disregard the claim, even after the fact that Plaintiffs were underinsured by Defendants was brought to the attention of Defendants.

83.     There was no reasonable basis for Defendants' denial of the "full replacement cost" of Plaintiffs' dwelling, as they had requested and believed their home to be insured to, and further, Defendants knew of and/or recklessly disregarded the lack of a reasonable basis for their denial of Plaintiffs' claim.

84.     As a direct and proximate result of Defendants' breach of their duties to Plaintiffs and their covenant of good faith and fair dealing with the Plaintiffs, the Plaintiffs have suffered economic and non-economic damages and losses.

## THIRD CLAIM FOR RELIEF

### Breach of Fiduciary Duty Against Defendant SafeCo (a.k.a. Liberty Mutual) and American States Insurance

85.     Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 84 of this Complaint as if set forth verbatim.

86.     Plaintiffs have been insured by Defendants SafeCo/American States Insurance since 2006.

87.     Plaintiffs insured their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, with Defendants SafeCo/American States Insurance, under previous policies 01-FF-160293-01 (effective from May 9, 2006 to May 9, 2007) and 01-

16

FF-160293-02 (effective from May 9, 2007 to May 9, 2008).

88.     Plaintiffs' years of insuring their home and personal property with Defendants SafeCo/American States Insurance induced Plaintiffs to relax the care and vigilance they would and should have ordinarily exercised in dealing with Defendants SafeCo/American States Insurance.

89.     Plaintiffs trusted and confided in Defendants SafeCo/American States Insurance.

90.     The trust and confidence of Plaintiffs was invited and encouraged by Defendants SafeCo/American States Insurance.

91.     When Defendants SafeCo/American States Insurance agreed to serve as insurer to Plaintiffs for their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, they entered into a fiduciary relationship with Plaintiffs.

92.     At all times relevant hereto, Defendants SafeCo/American States Insurance was acting as a fiduciary of Plaintiffs, and owed fiduciary duties to Plaintiffs.

93.     This fiduciary duty imposed upon Defendants SafeCo/American States Insurance required Defendants SafeCo/American States Insurance to refrain from engaging in conduct that would cause Plaintiffs harm, including, but not limited to, those actions and omissions set forth with specificity in this Complaint.

94.     Defendants SafeCo/American States Insurance breached its fiduciary and confidential duties to Plaintiffs including without limitation, duties of loyalty, good faith, due care, and candor, by engaging in the acts or omissions set forth with specificity in this Complaint.

95.     The above-mentioned breach of fiduciary duty by Defendants SafeCo/American States Insurance to Plaintiffs has directly and proximately caused Plaintiffs to incur past and future economic and non-economic losses and damages.

## FOURTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty Against Defendant(s) Mike Vick, Carole Allen and/or another Agent of JG Elliott Company Wyoming

96.     Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 95 of this Complaint as if set forth *verbatim*.

97.     Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, have been Plaintiffs' State Farm agent since approximately 2006.

98.     Plaintiffs previously purchased SafeCo Insurance/American States Insurance policies 01-FF-160293-01 (effective from May 9, 2006 to May 9, 2007) and 01-FF-160293-02 (effective from May 9, 2007 to May 9, 2008), from Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, which insured their home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

99.     Plaintiffs' years of insuring their home and personal belongings through Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming, induced Plaintiffs to relax the care and vigilance they would and should have ordinarily exercised in dealing with Defendant Insurers.

100.    Plaintiffs trusted and confided in Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming.

101.    The trust and confidence of Plaintiffs was invited and encouraged by Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming.

102.   When Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming agreed to serve as insurance agent(s) for Plaintiffs to facilitate Plaintiffs obtaining a homeowner's insurance policy for the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, they entered into a fiduciary relationship with Plaintiffs for their benefit.

103.   At all times relevant hereto, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming was acting as a fiduciary of Plaintiffs, and owed fiduciary duties to Plaintiffs.

104.   This fiduciary duty imposed upon Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming required them to refrain from engaging in any conduct which would cause Plaintiffs harm including, but not limited to, those actions and omissions set forth with specificity in this Complaint.

105.   Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming breached their fiduciary and confidential duties to Plaintiffs including without limitation, duties of loyalty, good faith, due care, and candor, by engaging in the acts or omissions set forth with specificity in this Complaint.

106.   The above-mentioned breach of fiduciary duty owed by Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming to Plaintiffs has directly and proximately caused Plaintiffs to incur past and future economic and non-economic losses and damages.

## FIFTH CLAIM FOR RELIEF

### Negligence Against Defendant(s) Mike Vick, Carole Allen and/or another Agent of JG Elliott Company Wyoming

107.   Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 111 of this Complaint as if set forth *verbatim.*

19

108. At all times relevant hereto, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming agreed to perform services as an insurance agent for Plaintiffs.

109. By agreeing to perform services as an insurance agent for Plaintiffs, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming owed and assumed the duty of providing to Plaintiffs reasonable, competent, proper, careful, and skilled insurance representation, and to have and use the degree of knowledge, skill, foresight, and care that is possessed and used by similarly licensed insurance agents in providing services to their clients.

110. At all times relevant hereto, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming were engaged in an insurance agent/client relationship with Plaintiffs.

111. In the course of providing insurance representation to Plaintiffs, Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming were negligent in their actions and/or omissions, including, but not limited to:

(a)     Failure to provide reasonable, competent, proper, careful and skilled insurance advisement, and to have and use that degree of knowledge, skill and care used by similarly licensed insurance agents in advising clients;

(b)     Failure to assess the value of Plaintiffs' home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054, in order to determine the policy coverages necessary to insure their home to its full replacement value as they requested;

(c)     Failure to procure a policy of insurance with dwelling coverage limits appropriate to cover the full replacement cost of the home at the request of Plaintiffs;

(d)     Concealment of the fact that Plaintiffs were substantially underinsured.

112.    The above-mentioned breach of duty by Defendant(s) Mike Vick and/or Carole Allen and/or another agent of JG Elliott Company Wyoming to Plaintiffs to exercise reasonable care while performing the services herein described, directly and proximately caused Plaintiffs to suffer past and future economic and non-economic losses and damages.

## SIXTH CLAIM FOR RELIEF

### Negligence of Defendant SafeCo (a.k.a. Liberty Mutual), American States Insurance, and JG Elliott Company Wyoming by Way of the Doctrine of *Respondeat Superior*

113.    Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 112 of this Complaint as if set forth *verbatim.*

114.    The negligent acts and omissions of Defendant Mike Vick occurred while he acted as an employee, agent, or apparent agent of Defendants JG Elliott Company Wyoming, SafeCo and/or American States Insurance.

115.    The negligent acts and omissions of Defendant Carole Allen occurred while she acted as an employee, agent, apparent agent or apparent agent of Defendants JG Elliott Company Wyoming, SafeCo and/or American States Insurance.

116.    The negligent acts and omissions of Defendant Ben Steele occurred while he acted as an employee, agent, apparent agent or apparent agent of Defendants SafeCo and/or American States Insurance.

117.    Defendant JG Elliott Company Wyoming, by law, is liable for the negligent acts or omissions of Defendants Mike Vick, Carole Allen, and/or any other agent working for it during the time of the events that gave rise to this complaint, and the losses and damages resulting therefrom under the doctrine of *respondeat superior.*

118. Defendant SafeCo (a.k.a. Liberty Mutual), by law, is liable for the negligent acts or omissions of Defendant Ben Steele described above and the losses and damages resulting therefrom under the doctrine of *respondeat superior*.

119. Defendant American States Insurance, by law, is liable for the negligent acts or omissions of Defendant Ben Steele described above and the losses and damages resulting therefrom under the doctrine of *respondeat superior*.

## SEVENTH CLAIM FOR RELIEF

### Breach of Contract and Obligation of Good Faith and Fair Dealing – Against Defendants Brooks Realty & Advisory Group, Brag of Wyoming, Wild West Development Company, Benjamin F. Brooks III, Russell Bandemer, and Don Johnson

120. Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 119 of this Complaint as if set forth *verbatim*.

121. On April 12, 2006, Plaintiffs purchased the home located at 254 Remington Ranch Road, Carpenter, Wyoming 82054 from Defendants Brooks Realty & Advisory Group, Brag of Wyoming, Wild West Development Company, Benjamin F. Brooks III, Russell Bandemer, and Don Johnson ("Real Estate Defendants").

122. The Real Estate Defendants had a duty to inspect and make safe the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054 prior to selling the property to Plaintiffs.

123. The Real Estate Defendants had knowledge that the property was old and were on notice from renter Sandra Kafka that the electrical wiring in the property was defective, problematic, and dangerous.

124. The Real Estate Defendants breached their duty to Plaintiffs by failing to properly inspect the property, failing to make the necessary upgrades and fixes to the

22

electrical wiring in the house that ultimately caused the fire that burned down Plaintiffs' house and destroyed a substantial amount of their property.

125.   Under the provisions of Wyo. Stat. Ann. § 33-28-111, the Real Estate Defendants made substantial misrepresentations, false promises, and fraudulent representations regarding the sale of the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054 to Plaintiffs.

126.   The Real Estate Defendants' substantial misrepresentations, false promises, and fraudulent representations caused Plaintiffs to suffer economic and non-economic damages and losses.

127.   Under the provisions of Wyo. Stat. Ann. § 33-28-302, the Real Estate Defendants were under a duty and obligation of good faith and fair dealing in their performance of the sale and resulting contract for the property located at 254 Remington Ranch Road, Carpenter, Wyoming 82054.

128.   The Real Estate Defendants breached their duty and obligation of good faith and fair dealing by failing to inspect the above-referenced property and insure its safety prior to sale after being put on notice that the electrical wiring was defective.

129.   Under the provisions of Wyo. Stat. Ann. § 33-28-303, the Real Estate Defendants, acting as seller's agents, had a duty disclose to Plaintiffs all adverse facts known, including adverse material facts pertaining to the physical condition of the property and any material defects in the property.  The Real Estate Defendants had a further duty not to perpetuate any material misrepresentations of the seller which they knew or should have known to be false.

130.   The Real Estate Defendants breached their duty of disclosure to Plaintiffs regarding any adverse material defects in the property or to its physical condition.  The Real Estate Defendants were on notice of the defects and problems with the electrical wiring in the above-referenced house and failed to disclose this adverse information to the

Plaintiffs.

131.    Defendants Brooks Realty & Advisory Group, Wild West Development Company, and Brag of Wyoming, are by law, liable for the negligent acts or omissions described above of their agents/ brokers/ licensees, Don Johnson, Russell Bandemer, and Ben Brooks, and the losses and damages resulting therefrom under the doctrine of *respondeat superior.*

132.    As a direct and proximate result of the breaches by the Real Estate Defendants, Plaintiffs have suffered economic and non-economic damages and losses.

## EIGHTH CLAIM FOR RELIEF

### Exemplary Damages Against all Defendants

133.    Plaintiffs incorporate herein by reference the allegations set forth with specificity in Paragraphs 1 through 133 of this Complaint as if set forth *verbatim.*

134.    Defendants' conduct in underinsuring the Plaintiffs' home after they specifically requested their home be insured to full replacement value (to protect them from situations just like this) constituted a willful or wanton disregard of their duty to the Plaintiffs as their insureds.

135.    Defendants' conduct in underinsuring Plaintiffs' home after Plaintiffs specifically requested their home be insured to full replacement value (to protect them from situations just like this) and Defendants' concealment and denial of this underinsuring of the Plaintiffs further constitutes fraud and/or malice on the part of Defendants.

136.    Defendants' conduct in refusing to pay Plaintiffs' full value of their claim for their property damaged by the April 7, 2009, fire, even after Plaintiffs brought the fact that Defendant Insurers had underinsured their home to Defendants' attention, constituted a willful or wanton disregard of their duty to the Plaintiffs as their insureds.

137.    Defendants' conduct in refusing to pay Plaintiffs' full value of their claim and pay the "full replacement value" of Plaintiffs' property that was damaged by the April 7, 2009, fire and Defendants' concealment and denial of this underinsuring further constitutes fraud and/or malice on the part of Defendants.

138.    Defendants' conduct, as set forth herein, constitutes an intentional act on the part of Defendants, done in reckless disregard of the consequences to the Plaintiffs or their well-being, and done under such circumstances that a reasonable insurance agent/ insurance employee/ insurance adjuster/ insurance company/ insurance underwriting company would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to the Plaintiffs.

139.    Under Wyoming law, Plaintiffs are allowed to recover punitive damages against each of the Defendants, jointly and severally, for Defendants' bad faith conduct in an amount sufficient to deter Defendants from engaging in the same or similar practices in the future.

## JURY DEMAND

Trial to a jury is demanded on all issues so triable.

**WHEREFORE**, Plaintiffs James and Patti Hefflin pray for judgment against Defendants Mike Vick, Carole Allen, Ben Steele, JG Elliott Company Wyoming, SafeCo Insurance Company of America, and American States Insurance Company, Brag of Wyoming, LLC, Brooks Realty & Advisory Group, and Wild West Development Company, Inc., for damages as follows:

1.      For compensatory damages in an amount exceeding the minimum jurisdiction of this Court, according to proof;

2.      For post judgment interest at the maximum legal rate and all other interest allowed by law;

3.      For expert witness fees and other costs of suit incurred herein;

4.      Under the provisions of WYO. STAT. ANN. § 26-15-124, for an award of reasonable attorneys' fees incurred as a result of the unreasonable denial of insurance policy benefits by Defendant Insurers, together with interest on the covered loss at a rate of ten percent (10%).

5.      For an award of exemplary and punitive damages in such amount as will deter Defendant Insurers and others similarly situated from misconduct in the future similar to that alleged herein. Because Defendant is an insurance carrier, in arriving at an appropriate amount of punitive damages, it would be appropriate to give as an instruction under WYO. STAT. ANN. § 26-1-107, pertaining to general criminal and civil penalties.

6.      For such other and further relief as the Court deems just and proper

Dated: April 8, 2010                        Respectfully submitted,

                                            BACHUS & SCHANKER, L.L.C.

                                            Jeffrey Dean, #6-3796
                                            BACHUS & SCHANKER, L.L.C.
                                            1400 16th Street, Suite 450
                                            Denver, Colorado 80202
                                            Phone: (303) 893-9800
                                            Fax: (303) 893-9900
                                            E-mail Address: jdean@coloradolaw.net

Plaintiffs' Address:

James and Patti Hefflin
8062 North Saguaro Ridge Road
Parker, Colorado 80138